Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Plaintiff
**LINKLATERS LLP**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINKLATERS LLP, a foreign limited liability partnership,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEOS INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br>**(1) RECOGNITION OF FOREIGN-COUNTRY MONEY JUDGMENT UNDER THE UNIFORM FOREIGN-COUNTRY MONEY JUDGMENTS RECOGNITION ACT, CCP § 1713 ET SEQ.; AND**<br>**(2) RECOGNITION OF FOREIGN-COUNTRY MONEY JUDGMENT PURSUANT TO INTERNATIONAL COMITY** |

Plaintiff Linklaters LLP alleges and complains as follows:

1. This is an action for recognition of a foreign-country money judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act ("UFCMJRA"), California Code Civ. Proc. § 1713, *et seq.*, and pursuant to principles of international comity.

2. This Court has jurisdiction over the subject matter of the action under 28 USC § 1332(a)(2) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because there is diversity of citizenship between the parties.

3. Plaintiff Linklaters LLP is a limited liability partnership organized and existing under the laws of England and Wales, with its principal place of business in London.

4. Defendant Neos Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6210 Stoneridge Mall Road, Suite 450, Pleasanton, California 94588.

## *FIRST CLAIM FOR RELIEF*

## **RECOGNITION OF FOREIGN-COUNTRY MONEY JUDGMENT UNDER THE UFCMJRA**

5. Plaintiff realleges and incorporates paragraphs 1 through 4 as though fully set forth herein.

6. On or about June 8, 2018, plaintiff filed an action in the High Court of Justice, Business and Property Courts of England and Wales, London Circuit Commercial Court (QBD) asserting a claim against defendant for its failure to pay the plaintiff's fees under the terms of the contracts between plaintiff and defendant.

7. Each of the relevant contracts between plaintiff and defendant stipulates that the agreement and any non-contractual obligations arising out of or in connection with it are subject to English law and any disputes arising will be subject to exclusive jurisdiction of the English Court.

8. Defendant was duly served with process in the United States and in accordance with English law on September 17, 2018. In accordance with the time limits set out in English law, defendant had 22 days from the date of service to file an acknowledgment of service. Defendant did not file an acknowledgement of service by October 9, 2018. On November 19, 2018 plaintiff asked

1  the English Court to grant a default judgment based on defendant's failure to timely file an
2  acknowledgment of service.

3  9.  On February 4, 2019, a default judgment in the action was issued in the High Court of Justice, Business and Property Courts of England and Wales, London Circuit Commercial Court, Before Christopher Hancock QC, sitting as a judge of the High Court, in favor of plaintiff and against defendant, in the amount of £278,564.88, together with contractual interest of £14,725.40 on that sum up to that date, £27,687.54 for plaintiff's costs of suit, and post-judgment interest at the statutory rate pursuant to section 17 of the Judgments Act 1838 until the judgment is satisfied. The judgment is final, conclusive, and enforceable under English law. A certified copy of the judgment is attached hereto as **Exhibit A**.

10. The applicable exchange rate on the day of entry of the judgment, February 4, 2019, was one United States Dollar to 0.76699 British pounds. In United States Dollars, therefore, the total sum of the judgment on the date it was entered equals $418,490.23 [USD$363,192.32, plus USD$19,198.95 contractual interest, plus USD$36,098.96 costs of suit =$418,490.23]. In addition, plaintiff is entitled to post-judgment interest at the statutory rate pursuant to section 17 of the Judgments Act 1838, which rate is 8%.

11. Defendant was served with a copy of the judgment in California on June 12, 2019.

12. In light of the foregoing, the judgment is entitled to recognition and is (a) conclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit in this state would be conclusive; and (b) enforceable in the same manner and to the same extent as a judgment rendered in this state.

## *SECOND CLAIM FOR RELIEF*

**RECOGNITION OF FOREIGN-COUNTRY MONEY JUDGMENT PURSUANT TO INTERNATIONAL COMITY**

13. Plaintiff realleges and incorporates paragraphs 1 through 12 as though fully set forth herein.

14. The Court has authority to recognize foreign-country judgments even in circumstances where the judgments are not within the scope of the UFCMJRA. Cal. Code Civ. Proc.

1 § 1723.

2     15. The judgment is entitled to recognition and enforcement pursuant to traditional principles of international comity as understood and applied by the courts of the United States and the State of California.

## *PRAYER FOR RELIEF*

WHEREFORE, plaintiff prays for judgment as follows:

1. For judgment against defendant Neos Inc. in the total amount of the English judgment, namely, as converted to U.S. Dollars, the sum of $418,490.23 [USD$363,192.32, plus USD$19,198.95 contractual interest, plus USD$36,098.96 costs of suit =$418,490.23];
2. Post-judgment interest from the date of the English judgment at the statutory rate pursuant to section 17 of the Judgments Act 1838, which rate is 8%;
3. For pre-judgment and post-judgment interest to which plaintiff is entitled pursuant to statute or contract, not included in number 2, above;
4. For costs of suit; and
5. For such other and further relief as the Court deems proper.

DATED: July 30, 2019     **ALSTON & BIRD LLP**

/s/ Alina A. Ananian
    Leib M. Lerner
    Alina A. Ananian
Attorneys for Linklaters LLP

# EXHIBIT A



**IN THE HIGH COURT OF JUSTICE**     **Claim No. LM-2018-000110**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**LONDON CIRCUIT COMMERCIAL COURT (QBD)**

**BEFORE CHRISTOPHER HANCOCK QC, SITTING AS A JUDGE OF THE HIGH COURT**

**BETWEEN:**

**LINKLATERS LLP**

**Claimant / Applicant**

-and-

**NEOS INC**

**Defendant / Respondent**

---

### ORDER

---

**UPON THE APPLICATION** of the Claimant for default judgment;

**AND UPON READING** the written evidence filed in support of the application;

**AND UPON** reading the Court file;

**AND UPON** a hearing on 1 February 2019;

**AND UPON** hearing Counsel for the Claimant

**IT IS ORDERED** that:

1. There be judgment in default for the Claimant's claim.

2. The Defendant pay the Claimant the sum of £293,290.28, being £278,564.88 which is the sum due from the Defendant, and £14,725.40 which is the contractual interest accrued on that sum up to the date of this order.

3. The Defendant pay the Claimant's costs of and occasioned by the claim and the application, summarily assessed in the sum of £27,687.54.

4. The sums awarded in paragraphs 2 and 3 above shall carry interest at the statutory rate pursuant to section 17 of the Judgments Act 1838 from the date of this order until the same shall be satisfied.

Dated this 1st Day of February 2019

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**LONDON CIRCUIT COMMERCIAL COURT (QBD)**

**BEFORE CHRISTOPHER HANCOCK QC**

**BETWEEN:**

**LINKLATERS LLP**

-and-

**NEOS INC**

---

**ORDER**

---

Linklaters LLP
One Silk Street
London EC2Y 8HQ

Tel: (+44) 20 7456 4401
Fax: (+44) 20 7456 2222